Clarence H. ELLIOT, Petitioner–
Appellee,

v.

Brian WILLIAMS; Attorney Gen-
eral for the State of Nevada,
Respondents–Appellants.

No. 11–17435.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2013.*

Nov. 21, 2013.

Before: FARRIS, FERNANDEZ, and
IKUTA, Circuit Judges.

MEMORANDUM **

Brian Williams, Warden, Nevada South-
ern District Corrections Center, and the
Nevada Attorney General (collectively "the
State") appeal the district court's grant of
a writ of habeas corpus to Clarence Elliot.
See 28 U.S.C. § 2254. We affirm.

The State asserts that Elliot's right to
due process under the Fourteenth Amend-
ment to the United States Constitution
was not violated when the jury at his trial

was improperly instructed on the delibera-
tion element of first degree murder. See
Nev.Rev.Stat. § 200.030(1)(a). We dis-
agree.

At the time it decided Elliot's case, the
Nevada Supreme Court had determined
that the instruction regarding deliberation
given at Elliot's trial was no longer proper,
but that the new instructional require-
ments would not apply to defendants, like
Elliot, even though their cases were not
final when the new requirements were
adopted. However, we later decided that
a failure to apply the new requirements to
those defendants violated their due pro-
cess rights. See Babb v. Lozowsky, 719
F.3d 1019, 1030–33 (9th Cir.2013).[1] Of
course, to be entitled to relief, Elliot was
required to show that the error was not
harmless,[2] but the State does not argue
that it was harmless.[3] Moreover, on this
record, we would be hard pressed to find
harmless error; at the very least there is
grave doubt that it was harmless. See
O'Neal v. McAninch, 513 U.S. 432, 437–38,
115 S.Ct. 992, 995, 130 L.Ed.2d 947 (1995);
Coleman v. Calderon, 210 F.3d 1047, 1051
(9th Cir.2000). The State does briefly sug-
gest that because after Elliot filed his peti-
tion for habeas corpus relief in the district
court, the Nevada Supreme Court indicat-
ed that it would give relief in cases that
were not final, he should have returned to
the State courts. However, he had al-
ready invoked "one complete round of the
State's established appellate review pro-

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. Incidentally, the Nevada Supreme Court
agrees that its prior position was erroneous.
See Nika v. State, 124 Nev. 1272, 1287, 198
P.3d 839, 850 (2008).

2. See Fry v. Pliler, 551 U.S. 112, 116, 127
S.Ct. 2321, 2325, 168 L.Ed.2d 16 (2007);
Brecht v. Abrahamson, 507 U.S. 619, 637–38,
113 S.Ct. 1710, 1722, 123 L.Ed.2d 353
(1993).

3. Arguments that are not raised in the open-
ing brief are waived. See Brooks v. City of
San Mateo, 229 F.3d 917, 922 n. 1 (9th Cir.
2000); see also Greenwood v. FAA, 28 F.3d
971, 977 (9th Cir.1994).

cess,"[4] and he was not required to do more.

AFFIRMED.

4. See O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); see also Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir.2002).